KESSLER, P.J.[1]
¶1 Greta Crawford, pro se , appeals an order of the small claims court granting summary judgment in favor of Aurora Sinai Medical Center and Dr. Warren R. Entwistle. We affirm.
BACKGROUND
¶2 On January 3, 2017, Crawford filed a small claims summons and complaint against Aurora Sinai Medical Center and Dr. Warren R. Entwistle (collectively "Aurora") alleging multiple "[b]reaches," including improper billing, breach of presumed and implied consent, and medical negligence. According to the complaint, on July 23, 2015, Crawford was detained by Milwaukee police after police responded to a 911 call that a woman was walking in the middle of the street with no shoes and then fell into a flowerbed. Milwaukee police found Crawford and transported her to an Aurora medical facility where she was seen by Dr. Entwistle, an emergency room physician.[2] The complaint alleges that Crawford refused treatment, but was nonetheless subject to tests "involving drugging, tox screens and a cavity search." Crawford was later released. The complaint alleges that as a result of her improper hospitalization, Crawford incurred physical injuries. Crawford alleged that Aurora and its workers breached a duty "to exercise the knowledge, skill and judgment that ... reasonable hospital emergency room doctors or registered nurses or other hospital workers would exercise under the circumstances," leading Crawford to suffer "damages including physical injuries, intimidation, fear, humiliation, and mental anguish."
¶3 On May 3, 2017, a court commissioner required Crawford to disclose her expert witnesses and a brief description of their anticipated testimony. Crawford disclosed Dr. Ilva Van Valkenburgh. Aurora deposed Dr. Van Valkenburgh. Dr. Van Valkenburgh testified that she is a psychiatrist and only worked in an emergency room setting in 1995 during a rotation in her residency. Dr. Van Valkenburgh stated that the rotation lasted three months, but she later worked as a consultant in an emergency department. Dr. Van Valkenburgh said that as a consultant, she was not the first person to attend to patients brought into the emergency room. Dr. Van Valkenburgh stated that she was not comfortable offering an opinion as to the standard of care required for Dr. Entwistle because she did not have Crawford's entire medical record, but was generally comfortable testifying that Crawford was subjected to improper testing, detention, and searches.
¶4 Aurora moved to strike Dr. Van Valkenburgh as Crawford's expert witness on the grounds that the doctor was not qualified to testify as to the standard of care required for emergency room physicians. Aurora also moved for summary judgment, arguing that Crawford did not have an appropriate expert to support her allegations.
¶5 At a hearing on both motions, the small claims court found that Dr. Van Valkenburgh did not have the necessary qualifications to provide expert testimony about current emergency medicine standards of care. The court also granted Aurora's summary judgment motion, finding that because Crawford's claims sounded in medical malpractice, an expert witness was required. The court entered an order dismissing Crawford's complaint.
¶6 This appeal follows.
DISCUSSION
¶7 As best as we can tell, on appeal Crawford argues that the small claims court erroneously dismissed her complaint because her complaint was not entirely based on medical malpractice. Accordingly, she contends that expert testimony was not required to proceed with her claims. We disagree.
¶8 Expert testimony is required to define the standard of care in a medical malpractice case. Christianson v. Downs , 90 Wis. 2d 332, 338, 279 N.W.2d 918 (1979). "The reason for this is because the degree of care, skill, and judgment which a reasonable [medical professional] would exercise is not a matter within the common knowledge of laypersons." See WIS JI- CIVIL 1023; see also Ollman v. Wisconsin Health Care Liab. Ins. Plan , 178 Wis. 2d 648, 667, 505 N.W.2d 399 (Ct. App. 1993). Summary judgment is appropriate if the plaintiff is unable to produce medical expert testimony that can establish a causal connection between the alleged negligence and the plaintiff's injury. Hegarty v. Beauchaine , 2006 WI App 248, ¶154, 297 Wis. 2d 70, 727 N.W.2d 857 ("To establish causation in a medical malpractice case ... testimony from medical experts is essential.... '[T]he lack of expert testimony on the question of causation results in an insufficiency of proof[.]' ") (citation omitted).
¶9 Crawford's complaint against Aurora alleged that Dr. Entwistle breached the standard of care required of emergency room physicians and that Aurora failed to properly oversee its employees. Crawford alleged that she was not in need of treatment, yet was treated against her will. As a result, Crawford claimed to suffer from physical and psychological injuries. In short, Crawford alleged that her damages stemmed from negligent and inappropriate treatment received at an Aurora facility. We agree that Crawford's claims are based in medical malpractice. Accordingly, Crawford was required to produce an appropriate medical expert to support her claims.
¶10 We agree with the small claims court that Dr. Van Valkenburgh was not a qualified expert for Crawford's case. Whether opinion evidence is admissible and whether a witness is qualified as an expert are discretionary determinations for the court. See Wester v. Bruggink , 190 Wis. 2d 308, 317, 527 N.W.2d 373 (Ct. App. 1994). The court found that Dr. Van Valkenburgh's three months of emergency room training during her residency in 1995 was a "different animal" than the emergency room care provided in Crawford's case in 2015. Essentially, there was no evidence of the standard of emergency room care. The small claims court properly exercised its discretion in determining that Dr. Van Valkenburgh was not a qualified expert in this case.
¶11 Accordingly, the smalls claims court properly dismissed Crawford's complaint.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Crawford's complaint also alleges that she was unlawfully detained and that Milwaukee Police Department and Milwaukee Fire Department reports incorrectly described her demeanor and conduct. The complaint alleges that Crawford was not in need of treatment, but was forcefully transported to a medical facility. Those issues are not on appeal.